UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Larry S. Hounsell and
Carol L. Hounsell,

       Plaintiffs,

                **ORDER**
v.                 Civil No. 07-2557 ADM/JSM

Farmers Cooperative Company,
Hinton Cooperative Company, and
Norman E. Neilson,

       Defendants.

_____

Shamus P. O'Meara, Esq., and Nadia B. Hasan, Esq., Johnson & Condon, PA, Minneapolis, MN, on behalf of Ace Blacktop, Inc.

_____

   The above-entitled matter is before the undersigned United States District Judge for a ruling on Ace Blacktop, Inc.'s ("Ace Blacktop") Amended Motion to Intervene [Docket No. 110]. Plaintiff Larry Hounsell ("Hounsell") sustained serious injuries while working for Ace Blacktop in 2005. Compl. [Docket No. 1] ¶ IV. Hounsell initiated this personal injury lawsuit against the tortfeasor, Defendant Norman E. Neilson, and Neilson's employer, Defendants Farmers Cooperative Company and Hinton Cooperative Company. On May 18, 2009, a jury returned a verdict awarding damages to Hounsell and his wife, Plaintiff Carol L. Hounsell, for past and future pain, disability, and emotional distress; past and future medical supplies and hospitalization; and past lost earnings. Special Verdict Form [Docket No. 68]. Judgment was entered on June 17, 2009. Judgment [Docket No. 81]. On May 11, 2010, Ace Blacktop moved to intervene for purposes of requesting that the damages awarded to Hounsell be allocated to allow Ace Blacktop to recover worker's compensation benefits that were paid to Hounsell.

   Intervention under Federal Rule of Civil Procedure 24 requires a "timely motion." The

determination of whether a motion to intervene is timely is committed to the discretion of the district court and will be disturbed on appeal only for an abuse of discretion. NAACP v. New York, 413 U.S. 345, 365-66 (1973). Although the entry of judgment "does not necessarily preclude later intervention, . . . there is considerable reluctance on the part of the courts to allow intervention after the action has gone to judgment and a strong showing will be required of the applicant. Motions for intervention after judgment ordinarily fail to meet this exacting standard." McClain v. Wagner Elec. Corp., 550 F.2d 1115, 1120 (8th Cir. 1977) (quotation omitted).

Ace Blacktop has offered no explanation for why it waited nearly one year after the verdict was returned and eleven months after judgment was entered to seek to intervene. More fundamentally, "it is well-settled law that intervention presupposes pendency of an action in a court of competent jurisdiction." Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 840 (4th Cir. 1999) (quotation omitted); Hofheimer v. McIntee, 179 F.2d 789, 791-92 (7th Cir. 1950). Judgment was entered in this case on June 17, 2009, and Plaintiffs filed Satisfactions on September 21, 2009 [Docket Nos. 99 and 100], certifying that the Judgment and Cost Judgment [Docket No. 98] had been "paid and satisfied in full." When Ace Blacktop filed its motion nearly eight months later, there was no pending litigation in which Ace Blacktop could intervene. See generally 35A C.J.S. Federal Civil Procedure § 172 (2009) ("Intervention in an action in the federal courts is an ancillary proceeding in an already instituted suit. It is not an independent proceeding, but it is variously described as being accessory, ancillary, collateral, or supplemental to . . . existing litigation. . . . Intervention, thus, presupposes the actual pendency of a lawsuit in a court of competent jurisdiction.") (footnotes omitted).

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Ace Blacktop's Amended Motion to Intervene [Docket No. 110] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: May 20, 2010.